IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M. KLASSY, | No. 2:16-cv-0106-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| FELICIA PONCE, | |
| Respondent. | |
| _____/ | |

       Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is petitioner's petition (Doc. 1) and motion to consolidate (Doc. 10).

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." A writ of habeas corpus cannot issue under 28 U.S.C. § 2241 unless a prisoner is in custody in violation of federal law. 28 U.S.C. § 2241(C)(3). There is nothing in the petition to indicate petitioner is

asserting he is in custody in violation of federal law.  Rather, he is unhappy with the lack of grooming supplies.  He claims the staff at FCI Herlong have violated his Fifth, Eighth, and Fourteenth Amendment rights by denying him the grooming and hygiene supplies he has requested.  To the extent petitioner is challenging the conditions of his confinement, petitioner may have recourse <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1999) or the Federal Tort Claims Act (FTCA). But such claims do not give rise to a habeas action.

In addition, petitioner is requesting this court consolidate the case with another he has filed, case number 2:16-cv-0283-EFB.  Petitioner's other case has already been dismissed and that case is closed.  As the undersigned finds dismissal of this case to also be appropriate, there are no active cases for which the court can consider consolidating.  Accordingly, his motion to consolidate (Doc. 10) is denied.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why the petition for a writ of habeas corpus should not be summarily dismissed.  If petitioner wishes to proceed with this habeas action, he is required in his response to clarify the legal and factual basis of his claim and demonstrate that relief is proper pursuant to § 2241.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.

IT IS SO ORDERED.

DATED: March 30, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE